IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMADE OSARINMWIAN ANTHONY, SPN #00795008, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-0904 |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Imade Osarinmwian Anthony (SPN #00795008) has filed a habeas corpus petition, which appears to seek relief under 28 U.S.C. § 2241. Anthony proceeds *pro se* and he has neither paid the filing fee nor requested leave to proceed *in forma pauperis*. After reviewing the pleadings and the applicable law, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.      BACKGROUND**

According to the petition, Anthony is currently in custody at the Harris County Jail where he is awaiting trial in state court cause numbers 1017099, 1017100, and 1017101. Anthony does not disclose the nature of the charges against him or the reason for his continued confinement. Public records reflect that Anthony has been charged with manufacture or delivery of a controlled substance in two of the cases against him and that he

has been charged with insurance fraud in the other case.[1] The state court charges against Anthony are pending in the 209th District Court for Harris County, Texas.

Anthony has filed a federal habeas corpus petition, which was executed on March 16, 2008, and a supporting memorandum of law. (Doc. # 1). Anthony alleges that he has been in custody without a trial since 2005. Because of his prolonged confinement, Anthony complains that his constitutional right to a speedy trial has been violated. Anthony, who is reportedly represented in his state court criminal proceeding by local defense attorney Charles Hinton, seeks his immediate release from custody and the dismissal of the charges against him. This Court concludes, however, that the pending federal petition must be dismissed for reasons that follow.

## II.    DISCUSSION

Anthony contends that he has been denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend VI (guaranteeing that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions). The Sixth Amendment right to a speedy trial is applicable to the states pursuant to the Due Process Clause found in the Fourteenth Amendment. *See Klopfner v. North Carolina*, 386 U.S. 213, 222 (1967). The Texas Constitution contains a similar speedy trial guarantee. *See* TEX. CONST. art. I, § 10; *Zamorano v. State*, 84 S.W.3d 643, 647 n.6 (Tex. Crim. App. 2002) (noting that Article I, § 10 of the Texas Constitution guarantees the

---

[1]    Harris County Sheriff's Office, Inmate Information, www.hcso.hctx.net (last visited March 26, 2008).

accused in all criminal prosecutions the right to a speedy and public trial). Citing the lengthy delay in his case, Anthony seeks a writ of habeas corpus to so that he can be "set free from confinement" and so that "all charges and criminal actions pending against him [can] be reviewed for dismissal." (Doc. # 1, *Memorandum*, at 8). Anthony is not entitled to the relief that he seeks for the following reasons.

### A. Exhaustion of State Remedies

It is well established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under the federal habeas corpus statutory regime, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Anthony is not in custody pursuant to a state judgment for purposes of 28 U.S.C. § 2254, because he has not yet had a trial. As a pretrial detainee, Anthony's petition is

governed by 28 U.S.C. § 2241(c)(3), which affords habeas corpus review where a prisoner alleges that he is in custody "in violation of the Constitution or laws or treaties of the United States[.]" Section 2241 does not contain an express exhaustion requirement. Despite the absence of an express requirement in the statutory language, exhaustion is required where pretrial issues are concerned under the theory that federal courts should abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although [§] 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)) (citations omitted), *cert. denied*, 484 U.S. 956 (1987). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 490-91).

Anthony alleges that he has asserted the alleged speedy trial violation in state court by filing a pretrial writ of habeas corpus with the trial court. This is not the proper way to enforce a Texas defendant's speedy trial rights. Once an indictment has been returned, a Texas criminal defendant is typically not entitled to habeas corpus relief concerning the constitutional right to a speedy trial because he has an adequate remedy at law: the right to

file a motion to set aside the indictment pursuant to Article 27.03 of the Texas Code of Criminal Procedure. *See Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). If the trial court erroneously denies the motion, the defendant may appeal any conviction resulting from the continued prosecution. *See id.* at 592 (citing *Pope v. Ferguson*, 445 S.W.2d 950, 955-56 (Tex.1969)). Thus, the Texas Court of Criminal Appeals has recognized that speedy trial violations are appropriate for review on post-conviction appeal, but not in a pretrial habeas corpus application. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex Crim. App. 2001) (citing *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970)).

Anthony alleges further that he has asserted the alleged speedy trial violation in a petition for a writ of mandamus with the local intermediate court of appeals. This is also not a proper way to assert a Texas defendant's right to a speedy trial. The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 138 (Tex. Crim. App. 1988) (granting the relator's request for a writ of mandamus to compel the district court to set his case for trial); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (concluding that the Texas Court of Criminal Appeals has authority to issue writs of mandamus to compel a speedy trial in a criminal case); *see also Smith v. Gohmert*, 962 S.W.2d 590, 593 & n.7 (Tex. Crim. App. 1998) (distinguishing between the availability of mandamus relief to compel a speedy trial from the availability of mandamus relief to compel dismissal on speedy trial grounds, which is not available in habeas or

5

mandamus); George E. Dix & Robert O. Dawson, 42 *Texas Practice: Criminal Practice and Procedure* § 23:50 (2nd ed. 2001) (discussing same).

To the extent that Anthony complains about undue delay, Texas has adequate and effective state procedures for obtaining a speedy trial. It does not appear that Anthony has availed himself of these procedures by filing a motion to set aside the indictment under Article 27.03.[2] Likewise, to the extent that a speedy trial is what he seeks, Anthony has not filed a petition for a writ of mandamus or any other proceeding that would present his claims properly before the Texas Court of Criminal Appeals. Absent a showing that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Anthony's speedy trial claim, comity requires this Court to defer. As such Anthony's speedy trial claim must be dismissed for failure to exhaust state remedies. Alternatively, Anthony's petition must be dismissed for other reasons discussed briefly below.

---

[2] It appears that Anthony filed his pretrial habeas corpus application and his petition for a writ of mandamus on his own behalf. *See In re Anthony*, Nos. 01-06-00051-CR, 01-06-00053-CR, 01-06-00054-CR, 2006 WL 204787 (Tex. App. — Houston [1st Dist.] Jan. 27, 2006) (rejecting Anthony's *pro se* petitions for a writ of mandamus). It is well established, however, that a criminal defendant has no constitutional right to hybrid representation, "partly by counsel and partly by himself." *Neal v. Texas*, 870 F.2d 312, 315-16 (5th Cir.1989) (citing *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978)); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (observing that "there is no constitutional right to hybrid representation"). Because Anthony is represented by counsel in his state criminal proceeding, he has no right to file motions or pleadings on his own behalf. As such, Anthony's *pro se* submissions present nothing for the state court's consideration. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). *Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App. — Houston [1st Dist.] 1994, orig. proceeding). Absent a right to hybrid representation, it is questionable whether Anthony's *pro se* submissions could be deemed adequate to exhaust state court remedies even if he were to file a motion or mandamus application in the proper court.

**B.     Anthony's Petition Seeks Relief that is Unavailable**

Anthony does not demand a speedy trial in this instance. In fact, Anthony plainly seeks dismissal of the charges against him on the grounds that he has been denied his constitutional right to a speedy trial. (Doc. # 1, *Memorandum*, at 8). Because a federal habeas corpus court may not dismiss state court charges, this Court may not consider the merits of Anthony's claim.

It is well settled that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial." *Dickerson*, 816 F.2d at 226 (quoting *Braden*, 410 U.S. at 489-92 and citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). Absent "special circumstances," federal habeas relief is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction. *Dickerson*, 816 F.2d at 226 (citing *Braden*, 410 U.S. at 489). The Sixth Amendment right to a speedy trial is not a "special circumstance" which would permit the federal habeas court to adjudicate any of a petitioner's affirmative defenses prior to conviction.[3] *Dickerson*, 816 F.2d at 227.

Anthony provides no coherent chronology of his state court proceedings in this instance and the pleadings do not otherwise demonstrate a constitutional violation. *See*

---

[3]     The sole exception to this rule appears to arise in cases alleging violations of the prohibition against double jeopardy. *See Fain v. Duff*, 488 F.2d 218 (5th Cir. 1973); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502 (E.D. La. 1988).

*Barker v. Wingo*, 407 U.S. 514 (1972) (setting out a balancing test, including factors such as the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay). Anthony's conclusory allegations do not show that special circumstances are present and they do not otherwise establish that federal court intervention is warranted. Therefore, even if he had exhausted his state court remedies, Anthony fails to demonstrate that federal habeas corpus relief is available. Because the Anthony seeks relief that cannot be granted by a federal habeas corpus court, his petition must be dismissed for this additional reason.

### III. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED** for failure of the petitioner to exhaust available state court remedies.

2. Alternatively, the petition is **DISMISSED** for failure to state a claim upon which relief can be granted.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on April 4th, 2008.

Nancy F. Atlas
United States District Judge